# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

MICHAEL BUCKINGHAM,                                    Case No. 12-CV-2503 (PJS/SER)

        Plaintiff,

v.                                                                            ORDER

RAY LAHOOD,
Secretary of Transportation,

        Defendant.

---

    Cristina Parra Herrera and Steven Andrew Smith, NICHOLS KASTER, PLLP, for plaintiff.

    David W. Fuller, UNITED STATES ATTORNEY'S OFFICE, for defendant.

    Plaintiff Michael Buckingham, an employee of the Federal Aviation Administration ("FAA"), brings this lawsuit against the United States Department of Transportation, of which the FAA is a part. Buckingham alleges discrimination and retaliation in violation of the Rehabilitation Act, 29 U.S.C. § 701 et seq. This matter is before the Court on Buckingham's motion for a temporary restraining order and preliminary injunction. For the reasons stated below, the motion is denied.

## I. BACKGROUND

    Buckingham is an air-traffic control specialist for the FAA. In July 2010, Buckingham was pulled over for speeding, and a urinalysis indicated that his blood-alcohol level was over the legal limit. Consequently, the FAA revoked Buckingham's medical certification for his position and reassigned him to a different position, with a resulting loss in wages.

At the FAA's request, Buckingham underwent several alcohol assessments and participated in treatment in an attempt to regain his medical certification. The current dispute involves the FAA's most recent request that Buckingham submit to psychiatric and neuropsychological evaluations.

After two initial chemical-dependency evaluations in late 2010 indicated that Buckingham does not have a problem with alcohol, the FAA requested a further evaluation. Thereafter, in February 2011, Buckingham underwent a psychiatric evaluation by Dr. David Cline. Parra Aff. Exs. 6 (Dr. Cline's report); *id.* Exs. 3, 5 (previous assessments). Dr. Cline diagnosed Buckingham with alcohol abuse and recommended counseling and monitoring. Parra Aff. Ex. 6. Buckingham contends that this diagnosis is based on two false premises: first, that Buckingham has two DUI convictions, and second, that two such convictions mandate a diagnosis of alcohol abuse. In reality, Buckingham says, he only has one 25-year old DUI conviction. That is technically true, but it overlooks the fact that in July 2010 — less than three years ago — Buckingham was driving with a blood-alcohol level over the legal limit. Buckingham does not explain why the absence of a conviction would be material to a medical diagnosis.

At any rate, Buckingham agreed to undergo treatment. From May to November 2011, Buckingham attended treatment sessions at the River Ridge Treatment Center. Parra Aff. Ex. 7. The treatment center discharged Buckingham in November 2011. The reasons given by the treatment center for discharging Buckingham are somewhat difficult to interpret. The treatment center said all of the following: that Buckingham did not meet the criteria for a substance-abuse disorder, that he had completed the standard-treatment and continuing-care portions of the

program, that he had abstained from all mood-altering substances, that his "inability to engage in this group had a negative effect on his peers,"[1] and that continued treatment would be unethical and violate the terms of the center's licensure. Parra Aff. Ex. 7.

The FAA interpreted this somewhat ambiguous discharge — and particularly the statement about a "negative effect" — as indicating a failure to successfully complete treatment. Parra Aff. Ex. 8. In March 2012, the FAA told Buckingham to schedule another evaluation with Dr. Cline. Parra Aff. Ex. 4. Buckingham refused, however, contending that Dr. Cline's earlier assessment was invalid and that the FAA was misinterpreting the reasons for his discharge from treatment. Parra Aff. Ex. 9. Buckingham offered to pay for an independent assessment by someone other than Dr. Cline. Ex. 11. The FAA took him up on his offer and chose a different evaluator. Buckingham, however, again refused to be evaluated, and this time demanded to be evaluated at agency expense by a doctor of his own choosing. Buckingham further demanded that the new doctor not be given a copy of Dr. Cline's evaluation. Parra Aff. Ex. 12 at 2.

In July 2012, the FAA declared Buckingham a treatment failure. Parra Aff. Ex. 12 at 4. In the meantime, Buckingham was pursuing administrative relief and eventually filed this action in September 2012. A month later, the FAA sent Buckingham a notice of its proposal to terminate his employment for failure to complete treatment. Parra Aff. Ex. 13. Under the notice, Buckingham has (or had) the right to respond and to submit evidence in support of his response. It is unclear whether Buckingham responded.

---

[1]After completing the standard-treatment and continuing-care portions of the program, Buckingham was transferred to a "Helping Men Recover" group, which is the group on which he had a "negative effect."

On January 16, 2013, the FAA again asked Buckingham to consent to medical evaluations, this time by Dr. Stafford Henry, a psychiatrist, and Dr. David Hartman, a neuropsychologist. Parra Aff. Ex. 15. The FAA asked Buckingham to return a consent form by January 31, 2013. *Id.* The consent form states that failure to consent will result in medical disqualification and the waiver of all rights to "appeal this process." *Id.*

It is this latest request that prompted Buckingham's motion for injunctive relief. Buckingham seeks an order prohibiting the FAA from requesting any further evaluations unless they are performed under the auspices of Fed. R. Civ. P. 35 and Court supervision.

## II. ANALYSIS

In determining whether to grant a preliminary injunction or a temporary restraining order, the Court considers four factors: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm to the movant if the injunction is not granted; (3) the balance between this harm and the injury that granting the injunction will inflict on the other parties; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). Preliminary injunctions are extraordinary remedies, and the party seeking such relief bears the burden of establishing his entitlement to an injunction under the *Dataphase* factors. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). Having reviewed Buckingham's motion and supporting documents, the Court finds that he does not come close to establishing that any of the *Dataphase* factors weighs in favor of granting injunctive relief.

First, as to Buckingham's likelihood of winning this lawsuit: This litigation is in its early stages. Buckingham has submitted some evidence in support of his claims — specifically, some documentation suggesting that he does not suffer from an alcohol-abuse disorder. But there is

also evidence detracting from his claims — for example, evidence that Buckingham's attack on Dr. Cline's conclusion is based on a rather meaningless distinction between driving drunk and being convicted of driving drunk, and evidence that Buckingham has obstructed the evaluation process with shifting and unreasonable demands. More importantly, if this case is anything like most employment disputes, the eventual record will be large and the facts sharply disputed. In the Court's experience, determining whether a plaintiff has viable employment-discrimination and retaliation claims requires a careful review of a complete record to determine what inferences may reasonably be drawn. The very limited record now before the Court does not establish that Buckingham is likely to prevail in this lawsuit.

Moreover, even if Buckingham were able to show that he is likely to succeed on his discrimination and retaliation claims, it is not at all clear to the Court that such a showing would entitle him to the specific relief that he is seeking in his current motion — that is, an order preventing the FAA from requesting that he undergo further medical evaluations. Buckingham has not argued that the FAA's request violates a statute, an FAA regulation, or a contract. Instead, Buckingham relies on case law interpreting Fed. R. Civ. P. 35, which governs court-ordered medical examinations. Essentially, Buckingham's objection is *procedural* — specifically, that it is unfair for the FAA to try to force him to undergo an examination unless that examination is supervised by the Court.

In the Court's view, this is not a cognizable basis for relief. So far as the Court is aware — and, as noted, Buckingham does not argue to the contrary — the FAA is acting entirely within its rights in requiring that Buckingham undergo the requested evaluations (evaluations that the FAA has been seeking for almost a year now). It also appears that the FAA made an effort to

accommodate Buckingham's demands, only to have Buckingham make new demands. The fact that Buckingham has a lawsuit pending against the FAA does not put the Court in charge of the day-to-day interactions between the two. The FAA is still Buckingham's employer, Buckingham is still the FAA's employee, and the FAA needs to be able to run its operation. The Court cannot find that Buckingham is likely to succeed on the merits.

Second, as to threat of irreparable harm: As best as the Court can tell, Buckingham is not threatened with irreparable harm. Buckingham contends that he is being forced to undergo the evaluations or face termination. Putting aside the question of whether being evaluated is a form of "harm," Buckingham has been facing possible termination since October 2012, and he has known since March 2012 that the FAA wants him to undergo another psychiatric evaluation. Given this history, there is nothing about the FAA's latest request that would require immediate court intervention. Moreover, even if Buckingham's failure to consent would result in immediate termination — which the FAA says is not the case, *see* ECF No. 18 — this harm is not irreparable: The Court can order reinstatement and back pay if and when Buckingham prevails in this litigation.

Finally, as to the public interest and the balance of harms: It is true, as Buckingham argues, that the public interest favors effective enforcement of the Rehabilitation Act. But it is also true that there is a strong public interest in the safety of the nation's airways, with a concomitant respect for the FAA's expertise in determining whether the lives of air travelers can be entrusted to a particular air-traffic controller. An ill-timed and less-than-fully-informed intrusion into the FAA's process for assessing the fitness of air-traffic controllers — without any showing that what the FAA is requesting is illegal — is surely not in the public interest. For the

same reason, any possible harm to Buckingham does not outweigh the harm that would result from such an ill-advised intrusion.  Buckingham's motion is therefore denied.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff's motion for a temporary restraining order and preliminary injunction [ECF No. 14] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  February  4 , 2013
 

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge